UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PHILIP M. ZIEGLER

VERSUS

LIONEL WEATHERSPOON, ET AL.

CIVIL ACTION

NO. 19-235-SDD-EWD

**NOTICE AND ORDER**

On October 12, 2018, plaintiff, Philip Ziegler ("Plaintiff") filed a Petition for Damages against Lionel Weatherspoon ("Weatherspoon"), Progressive Security Insurance Company ("Progressive"), The Hanover American Insurance Company ("Hanover"), and James River Insurance Company ("James River") for damages allegedly sustained in an October 13, 2017 automobile accident.[1] On April 22, 2019, James River filed a Notice of Removal pursuant to 28 U.S.C. § 1332.[2]

With respect to the citizenship of the parties, James River alleges that Plaintiff is a Louisiana citizen and that James River is an Ohio corporation with its principal place of business in Virginia.[3] James River does not allege the citizenship of Hanover. Instead, James River contends that "[i]n its Answer, Allmerica Financial Benefit Insurance Company ["Allmerica"] indicated it was incorrectly identified in the Petition for Damages"[4] as Hanover. James River

---

[1] R. Doc. 1-1.

[2] R. Doc. 1. With respect to the amount in controversy, James River asserts that in a March 22, 2019 demand, Plaintiff indicated that he had incurred $49,433.00 in medicals and was continuing to treat. R. Doc. 1, ¶ 13. James River asserts that a future bilateral medial branch block is estimated to cost $11,992.00, bringing Plaintiff's incurred medical expenses to $61,425.00. Although the records attached to the Notice of Removal indicate that Plaintiff settled with Progressive for $15,000, R. Doc. 1-6, it appears based on the outstanding medical expenses, the amount in controversy likely meets the jurisdictional threshold.

[3] R. Doc. 1, ¶¶ 7-8.

[4] R. Doc. 1, ¶ 5.

1

alleges that Allmerica is incorporated in Michigan with its principal place of business in Massachusetts.[5] Because Hanover was a named defendant in this action at the time of removal, Hanover's citizenship must be adequately alleged for this Court to determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.[6]

James River also does not allege the citizenship of Weatherspoon or Progressive, although Plaintiff alleges in his Petition that Weatherspoon is a domiciliary of Louisiana.[7] Instead, James River asserts that "Plaintiff has reached a settlement agreement with Lionel Weatherspoon and Progressive Security Insurance Company"[8] and that the citizenship of Weatherspoon and Progressive may be disregarded because "[p]rior to the filing of this Notice of Removal, plaintiff filed a voluntary motion to dismiss Lionel Weatherspoon and Progressive Security Insurance Company."[9] A review of the documentation attached to the Notice of Removal includes a Motion for Partial Dismissal filed by Plaintiff in state court seeking to dismiss Weatherspoon and Progressive with prejudice.[10] It does not appear that the Motion to Dismiss was granted by the state court judge. "In determining diversity jurisdiction, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the

---

[5] R. Doc. 1, ¶ 9.

[6] *See*, *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in [plaintiff's] original petition as they existed at the time of removal.") & 438-439 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties in this action—De Jongh, Lloyds, and Johnson—are Texas residents.") (5th Cir. 2014). *See also*, *Touriac v. Chenevert*, No. 6:12-cv-01785, 2012 WL 4471143, at * 3 (W.D. La., Sept. 26, 2012) (refusing to consider the citizenship of an individual and entity who were not parties to the lawsuit at the time it was removed). Whether or not James River believes that Hanover should be a defendant, Hanover is a named defendant and, therefore, Hanover's citizenship must be adequately alleged.

[7] R. Doc. 1-1, ¶ 1.

[8] R. Doc. 1, ¶ 4.

[9] R. Doc. 1, ¶ 10.

[10] R. Doc. 1-2.

controversy.'"[11] In the Fifth Circuit, "'a case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case.'"[12] Where a plaintiff has "effectively eliminated" the nondiverse defendant(s) *via* a settlement, the case becomes removable.[13] Here, James River contends that Weatherspoon and Progressive are nominal defendants whose citizenship may be disregarded for purposes of determining diversity jurisdiction.

"Federal courts are duty bound to determine their own jurisdiction, and may do so *sua sponte* if necessary."[14] In order to determine this Court's jurisdiction based on 28 U.S.C. § 1332, the citizenship of all parties (including Hanover, Weatherspoon, and Progressive) should be set forth in the Notice of Removal.[15] Accordingly,

---

[11] *Bynane v. Bank of New York Mellon for CWMBS, Incorporated Asset-Back Certificates Series 2006-24*, 866 F.3d 351, 356 (5th Cir. 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).

[12] *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 911 (5th Cir. 2000) (quoting *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693 (5th Cir. 1995)).

[13] *Martineau*, 203 F.3d at 912 (holding, in light of a binding and enforceable settlement agreement, that plaintiff "intended to abandon litigation against Sweeney, and he effectively eliminated the nondiverse defendant."); *Hargrove v. Bridgestone/Firestone North American Tire, LLC*, 10-cv-0318, 2012 WL 692410, at * 3-4 (W.D. La. March 2, 2012) ("Where, as here, there is a voluntary action by the plaintiff, i.e., the execution of settlement documents showing no intention of proceeding against those particular defendants, the case becomes removable" and further noting "the fact that the judgment of dismissal had not been signed by the State court is of no consequence – what matters is that there was an 'expression of intent by plaintiff which makes the case removable.'") (internal citation omitted); *Landry v. Eagle, Inc.*, Civil Action No. 12-1022, 2012 WL 2338736, at * 3 (E.D. La. June 19, 2012) ("Settlement by a plaintiff with all nondiverse defendants has been held to render a case removable, provided the settlement is irrevocable, binding, and enforceable under state law.").

[14] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).

[15] With respect to natural persons, "[f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). The citizenship of a corporation is the corporation's state of incorporation and principal place of business. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). To allege the citizenship of a limited liability company or other type of unincorporated association, the Amended Notice of Removal must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted). The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are

**IT IS HEREBY ORDERED** that on or before **May 10, 2019**, James River Insurance Company shall file a motion to substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of all named parties in this action, including Lionel Weatherspoon, Progressive Security Insurance Company, and The Hanover American Insurance Company.

**IT IS FURTHER ORDERED** that on or before **May 24, 2019**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that James River has established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on April 29, 2019.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

---

themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).