UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PHILIP M. ZIEGLER

CIVIL ACTION NO.

VERSUS

19-235-SDD-EWD

LIONEL WEATHERSPOON, ET AL.

**<u>NOTICE AND ORDER</u>**

On October 12, 2018, plaintiff, Philip Ziegler ("Plaintiff") filed a Petition for Damages against Lionel Weatherspoon ("Weatherspoon"), Progressive Security Insurance Company ("Progressive"), The Hanover American Insurance Company ("Hanover"), and James River Insurance Company ("James River") for damages allegedly sustained in an October 13, 2017 automobile accident.[1] On April 22, 2019, James River filed a Notice of Removal pursuant to 28 U.S.C. § 1332.[2] On May 9, 2019, the original Notice of Removal was substituted to adequately allege the citizenship of all named parties.[3]

In the Amended Notice of Removal, James River asserts that although Weatherspoon and Progressive are not diverse from Plaintiff,[4] prior to filing the Notice of Removal, Plaintiff filed a voluntary motion to dismiss Weatherspoon and Progressive.[5] James River further asserts that

---

[1] R. Doc. 1-1.

[2] R. Doc. 1. With respect to the amount in controversy, James River asserts that in a March 22, 2019 demand, Plaintiff indicated that he had incurred $49,433.00 in medicals and was continuing to treat. R. Doc. 1, ¶ 13. James River asserts that a future bilateral medial branch block is estimated to cost $11,992.00, bringing Plaintiff's incurred medical expenses to $61,425.00. Although the records attached to the Notice of Removal indicate that Plaintiff settled with Progressive for $15,000, R. Doc. 1-6, it appears, based on the outstanding medical expenses, that the amount in controversy likely meets the jurisdictional threshold.

[3] R. Docs. 5 & 6.

[4] R. Doc. 1, ¶¶ 7-9.

[5] R. Doc. 1, ¶ 13. On May 15, 2019, and in response to the Court's order requiring Plaintiff to file either a Notice stating that Plaintiff does not dispute that James River has established the jurisdictional requirements of 28 U.S.C. § 1332 or a Motion to Remand, *see*, R. Doc. 4, Plaintiff filed a Notice stating that "he does not dispute that James River Insurance Company has established the jurisdictional requirements of 28 U.S.C. § 1332." R. Doc. 7.

1

"since the filing of the Notice of Removal, Judge Richard 'Chip' Moore of the 19th Judicial District Court granted an Order dismissing" these non-diverse parties.[6] An order dismissing Weatherspoon and Progressive was signed by the state court judge on April 26, 2019.[7]

The Court may disregard the citizenship of nominal or formal parties when determining diversity jurisdiction,[8] and based on the representations of James River, it appears that Plaintiff is not pursuing claims against Weatherspoon or Progressive. Because it appears that a voluntary act of Plaintiff has effectively eliminated the nondiverse defendants from this suit, the Court will terminate Weatherspoon and Progressive as parties on the docket unless an objection to such termination is submitted within ten (10) days of this Notice and Order.

Accordingly,

**IT IS HEREBY ORDERED** that any party objecting to the termination of Lionel Weatherspoon and Progressive Security Insurance Company as defendants on the docket of this matter shall file a Notice of Objection within ten (10) days of this Notice and Order.

---

[6] R. Doc. 1, ¶¶ 8 & 9.

[7] R. Doc. 1-4.

[8] "In determining diversity jurisdiction, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Bynane v. Bank of New York Mellon for CWMBS, Incorporated Asset-Back Certificates Series 2006-24*, 866 F.3d 351, 356 (5th Cir. 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). In the Fifth Circuit, "'a case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case.'" *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 911 (5th Cir. 2000) (quoting *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693 (5th Cir. 1995)). Where a plaintiff has "effectively eliminated" the nondiverse defendant(s) *via* a settlement, the case becomes removable. *Martineau*, 203 F.3d at 912 (holding, in light of a binding and enforceable settlement agreement, that plaintiff "intended to abandon litigation against Sweeney, and he effectively eliminated the nondiverse defendant."); *Hargrove v. Bridgestone/Firestone North American Tire, LLC*, 10-cv-0318, 2012 WL 692410, at * 3-4 (W.D. La. March 2, 2012) ("Where, as here, there is a voluntary action by the plaintiff, i.e., the execution of settlement documents showing no intention of proceeding against those particular defendants, the case becomes removable" and further noting "the fact that the judgment of dismissal had not been signed by the State court is of no consequence – what matters is that there was an 'expression of intent by plaintiff which makes the case removable.'") (internal citation omitted); *Landry v. Eagle, Inc.*, Civil Action No. 12-1022, 2012 WL 2338736, at * 3 (E.D. La. June 19, 2012) ("Settlement by a plaintiff with all nondiverse defendants has been held to render a case removable, provided the settlement is irrevocable, binding, and enforceable under state law.").

The parties are hereby **NOTIFIED** that Lionel Weatherspoon and Progressive Security Insurance Company shall be **TERMINATED** as parties on the docket of this suit in the event no timely Notice of Opposition is filed.

Signed in Baton Rouge, Louisiana, on July 10, 2019.

                                               **ERIN WILDER-DOOMES**
                                               **UNITED STATES MAGISTRATE JUDGE**